# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER,<br><br>        Plaintiff,<br><br>v.<br><br>WARDEN PFEIFFER,<br><br>        Defendant. | 1:18-CV-00259-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION DEMANDING RELEASE<br><br>(Doc. No. 21) |

Plaintiff James Trotter is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion release from captivity, demanding that he not be held at his current institution, and instead be transferred to Stockton Medical Prison. (Doc. No. 21.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). Here, his complaint has not yet been screened, although a brief review shows that he alleges that he should not be held in administrative segregation.

Nevertheless, even if Plaintiff proceeds upon a cognizable claim in this action, he cannot seek as his relief the transfer to another institution. Plaintiff has no constitutionally protected

right to be housed in the institution of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Smith v. Lambert*, 12 Fed. App'x 570 (9th Cir. 2001). Therefore, his motion will be denied. The Court will screen Plaintiff's complaint in due course.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for release from captivity (Doc. No. 21) is denied.

IT IS SO ORDERED.

Dated: **December 27, 2018** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE