# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER, | Case No. 1:18-cv-00259-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER DEMANDING RELEASE |
| v. | |
| WARDEN PFEIFFER, | (ECF No. 25) |
| Defendant. | |

Plaintiff James Trotter is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an order demanding release, filed on March 26, 2019. (ECF No. 25.) In his motion, Plaintiff contends that he should be immediately released because he is actually innocent and he has been falsely imprisoned for 29 years. Further, Plaintiff asserts that he was denied his rights under the First, Fourth, and Sixth Amendments to the U.S. Constitution because he was not given a jury trial, evidence was fraudulently concealed, and he was not allowed to confront, or cross-examine, the witnesses against him.

"Federal law opens two main avenues to relief on [claims] related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev Stat § 1979, as amended, 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are

the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." <u>Nettles v. Grounds</u>, 830 F.3d 922, 927 (internal quotation marks and citation omitted).

In the motion currently before the Court, Plaintiff challenges the validity of his conviction and confinement in state prison and requests that this Court order him immediately released from prison. However, Plaintiff's challenge is not properly raised in this § 1983 action. Instead, if Plaintiff wants to challenge the validity of his conviction and sentence, Plaintiff must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for an order demanding release, (ECF No. 25), is DENIED.

IT IS SO ORDERED.

Dated: **March 28, 2019**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE