| | |
|---|---|
| JAMES TROTTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WARDEN PFEIFFER, et al.<br><br>　　　　　Defendants. | Case No. 1:18-cv-00259-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL TRIAL IN 10 DAYS AND STRIKING PLAINTIFF'S UNSIGNED MOTION TO COMPEL STAY ABEYANCE<br><br>(ECF Nos. 34, 35) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff James Trotter is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's motion to compel trial in 10 days, filed on May 30, 2019, and Plaintiff's motion to compel stay abeyance, filed on May 31, 2019. (ECF Nos. 34, 35.)

**I.　Plaintiff's Motion to Compel Trial in 10 Days**

On May 30, 2019, Plaintiff filed a motion to compel trial in 10 days. (ECF No. 34.) In his motion, Plaintiff asserts that he is being falsely imprisoned pursuant to the wrongful judgments rendered in Superior Court of California, County of Los Angeles Case Nos. BA042025 and BA051988 because he is actually innocent, no trial occurred in either case, and his sentence is disproportionate to the crimes. Further, Plaintiff alleges that, on December 15, 2016, his parole was illegally denied for a 5-year period. Plaintiff seeks $11,000,000.00 in compensatory and punitive damages and immediate release from prison.

However, it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and that their sole remedy lies in habeas corpus

1

relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prison in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead."); see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (stating that a claim for damages for allegedly unconstitutional conviction or imprisonment is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Therefore, Plaintiff's motion to compel trial in 10 days must be denied.

## II. Plaintiff's Motion to Compel Stay Abeyance

On May 31, 2019, Plaintiff filed a motion to compel stay abeyance. (ECF No. 35.) However, both Federal Rule of Civil Procedure 11(a) and this Court's Local Rule 131(b) require that all pleadings and non-evidentiary documents must be signed by the filing party, if the filing party is unrepresented by counsel. Since Plaintiff is unrepresented by counsel and failed to sign his motion to compel stay abeyance, the Court will strike Plaintiff's motion to compel to stay abeyance from the record.

## III. Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel trial in 10 days, (ECF No. 34), is DENIED; and
2. Plaintiff's unsigned motion to compel stay abeyance, (ECF No. 35), is STRICKEN from the record for lack of Plaintiff's signature.

IT IS SO ORDERED.

Dated: **July 2, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE