# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER,<br><br>          Plaintiff,<br><br>    v.<br><br>WARDEN PFEIFFER, et al.<br><br>          Defendants. | Case No. 1:18-cv-00259-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL, REVIEW OF EVIDENCE, RESENTENCING, AND APPOINTMENT OF COUNSEL<br><br>(ECF No. 42) |

Plaintiff James Trotter is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for new trial, review of evidence, resentencing, and appointment of counsel, filed on August 5, 2019. (ECF No. 42.) In his motion, Plaintiff asserts that the criminal judgment against him was obtained due to his trial counsel's ineffective assistance and because evidence favorable to him was suppressed by the prosecution. Additionally, Plaintiff has attached a completed confidential citizen's complaint form and a completed form petition for resentencing pursuant to California Penal Code § 1170.95.

However, it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and that their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prison in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas

corpus relief (or appropriate state relief) instead."); see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (stating that a claim for damages for allegedly unconstitutional conviction or imprisonment is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Therefore, Plaintiff's requests for a new trial, review of evidence, and resentencing must be denied.

Further, with regards to Plaintiff's request for appointment of counsel, the Court notes that Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. Id.

Having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Therefore, Plaintiff's request for the appointment of counsel is denied, without prejudice.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a new trial, review of evidence, and resentencing, (ECF No. 42), is DENIED; and

///

2. Plaintiff's request for appointment of counsel, (ECF No. 42), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 9, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE