# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN PFEIFFER, et al.<br><br>        Defendants. | Case No. 1:18-cv-00259-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT AND DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 44, 45) |

Plaintiff James Trotter is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's motion for an extension of time to file a second amended complaint and Plaintiff's motion to appoint counsel, both filed on August 9, 2019. (ECF Nos. 44, 45.)

**I.    Plaintiff's Motion for an Extension of Time to File Second Amended Complaint**

On July 3, 2019, the Court issued a screening order finding that Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state any cognizable claim for relief. (ECF No. 37.) The Court granted Plaintiff thirty days to either file a second amended complaint or a notice of voluntary dismissal. (Id. at 15-16.)

On August 9, 2019, Plaintiff filed a motion for an extension of time to file a second amended complaint. (ECF No. 44.) In his motion, Plaintiff asserts that he needs additional time to prepare

1

and file a second amended complaint because, due to overcrowding and lockdowns, he has very limited access to the law library.

Having considered the request, the Court finds that Plaintiff has established good cause to grant an extension of time to file a second amended complaint. Fed. R. Civ. P. 6(b). Therefore, the Court grants Plaintiff's motion for an extension of time.

## II.     Plaintiff's Motion for Appointment of Counsel

On August 9, 2019, Plaintiff filed a motion for appointment of counsel. (ECF No. 45.) In his motion, Plaintiff asserts that, since he is indigent and unable to afford counsel, he is requesting the appointment of counsel so that his interests "may be protected by the professional assistance required." (Id.)

The Court notes that Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. Id.

However, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant granting a request for voluntary assistance of counsel. Further, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

time. Therefore, Plaintiff's motion for appointment of counsel is denied, without prejudice.

**III. Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a second amended complaint, (ECF No. 44), is GRANTED;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified in the Court's July 3, 2019 screening order, or file a notice of voluntary dismissal;

3. <u>If Plaintiff fails to file a second amended complaint, the Court will recommend to the District Judge that this action be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order</u>; and

4. Plaintiff's motion for appointment of counsel, (ECF No. 45), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 13, 2019**      /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE